**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ROBERT SANTISTEVEN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:16CV918 |
| | § | JUDGE MAZZANT/JUDGE JOHNSON |
| v. | § | |
| | § | |
| BRAUM'S INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**<u>REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE</u>**

Pending before the Court is Defendant Braum's Inc.'s Motion to Dismiss (Dkt. 4). Plaintiff Robert Santisteven filed a Response (Dkt. 8). After considering all the relevant motions, responses, pleadings, and filings, the Court recommends Defendant's motion (Dkt. 4) be **DENIED.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about December 13, 2014, Plaintiff and his family were customers at Defendant's store in Frisco, Texas. *See* Dkts. 1 at 4, 8-1 at 1. Plaintiff and his family sat at a table to eat. *See id.* When he was leaving, Plaintiff left the table to make it to the trash area, and he allegedly slipped and fell. *See id.* Plaintiff alleges that he learned later that the area was previously mopped with no adequate warning of a slippery floor. *See id.*

On November 30, 2016, Plaintiff filed his Complaint against Defendant for premises liability and exemplary damages. *See* Dkt. 1. On December 23, 2016, Defendant filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). *See* Dkt. 4. Plaintiff filed a response

1

(Dkt. 8) on January 11, 2017, after the Court ordered him to file a response before January 18, 2017.

## LEGAL STANDARD

1. **Rule 12(b)(1)**

A motion under Rule 12(b)(1) should be granted only if it appears beyond doubt the plaintiff cannot prove a plausible set of facts in support of his claim. *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). Federal courts are courts of limited jurisdiction. *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Moreover, the court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citing *Kokkonen*, 511 U.S. at 377).

If a party bases subject-matter jurisdiction on diversity grounds, then the amount in controversy must exceed $75,000.00 for the court to have jurisdiction. *See* 28 U.S.C. § 1332. Further, the party seeking to invoke the court's jurisdiction bears the burden of proving up jurisdictional facts, including amount in controversy. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The court properly dismisses a case for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate the case. *See CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008).

2. **Rule 12(b)(6)**

Rule 12(b)(6) provides a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). The court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive

an attack under Rule 12(b)(6) if the claim is supported by any set of facts consistent with the allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). A claim may not be dismissed solely because a court supposes the pleader is unlikely to find evidentiary support for his allegations. *See id.* at 563 n.8.

When considering a motion to dismiss, the court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## ANALYSIS

Defendant argues the Court should grant its motion to dismiss on three (3) grounds: (1) pursuant to Rule 12(b)(1), Plaintiff has failed to plead facts necessary to establish the amount in controversy requirement of the Court's jurisdiction; (2) pursuant to Rule 12(b)(6), Plaintiff's premises-liability claim should be dismissed for failure to state a claim; and (3) pursuant to Rule 12(b)(6), Plaintiff's request for exemplary damages should be dismissed for failure to state a claim. *See* Dkt. 4 at 1-2.

1. **Rule 12(b)(1): Amount in Controversy**

Defendant argues Plaintiff failed to plead facts necessary to establish he sustained injuries resulting in an amount in controversy of more than $75,000.00. *See id.* at 4. When a plaintiff does not plead a dollar amount in controversy, the Fifth Circuit has adopted a two-step test. *See Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (citing *Greenberg*, 134 F.3d at 1252). First, the court should look to see if it is "facially apparent" from the complaint that the amount in controversy is likely to exceed the jurisdictional amount. *See id.* Second, if

3

such a determination is not apparent, then the party seeking jurisdiction must prove by a preponderance of the evidence, through submission of summary judgment-like evidence, the jurisdictional facts in question. *See id.*; *see also Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 213 (E.D. Tex. 1996).

Here, the Court does not decide whether or not it is facially apparent from the Complaint (Dkt. 1) that the amount in controversy meets jurisdictional requirements because Plaintiff has submitted numerous submissions of summary judgment-like evidence to prove he meets the amount in controversy requirement. *See* Dkts. 8-2, 8-3, 8-4. Plaintiff has attached to his response medical records from Plaintiff's treating physicians and medical bills with proper affidavits showing Plaintiff's medical bills have exceeded $152,000.00. *See* Dkts. 8-2, 8-3, 8-4; *see also* TEX. CIV. PRAC. & REM. CODE § 18.001. Thus, Defendant's argument that the Court should grant its motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) fails.

### 2. Rule 12(b)(6): Premises-Liability Claim

Defendant argues Plaintiff failed to state a claim upon which relief can be granted for his premises-liability claim because he failed to show Defendant owed a duty to him. The general rule in premises-liability cases is that a landowner has "a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware of, but the invitee is not." *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). The landowner satisfies its duty by providing an adequate warning of the danger. *See id.* However, in most cases, a landowner has no duty to protect an invitee against a dangerous condition that is open and obvious and known to the invitee. *See id.* at 201.

Defendant argues because Plaintiff pled that "Defendant was mopping the floor" and the floors were "wet and slippery" because they were "freshly mopped," Plaintiff knew about the

alleged dangerous condition on Defendant's property. *See* Dkt. 4 at 8 (citing Dkt. 1 at 13, 18). Plaintiff attached an affidavit to his response, in which he states he "had no knowledge that the floor was wet, nor did [he] know that the employees had been mopping the area, prior to the time that [he] fell." *See* Dkt. 8-1 at 1. Plaintiff alleges there were no signs to warn him about the "wet and soapy" floor, and he did not learn that an employee mopped that area until after he fell. *See id.* Because Plaintiff alleges he was not aware of the dangerous condition, Defendant's argument fails.

Plaintiff argues that even if he had knowledge of the alleged dangerous condition, Defendant would still owe Plaintiff a duty because these facts fall under the "necessary use" exception. *See* Dkt. 8 at 3 (citing *Austin*, 465 S.W.3d at 208). Because the Court has already determined that Plaintiff sufficiently pleaded and supported his claim to defeat the motion to dismiss, the Court declines to determine at this time whether Defendant owes a duty under the "necessary use" exception.

### 3. Rule 12(b)(6): Request for Exemplary Damages

Finally, Defendant argues Plaintiff failed to sufficiently plead a claim for gross negligence. *See* Dkt. 4 at 8-10. Specifically, Defendant argues Plaintiff's pleaded allegations that "Defendant was mopping the floor" and "caused Plaintiff to slip and fall" is not enough to equate to "extreme risk" or the likelihood of "serious injury." *See id.* at 9 (citing *Serrano-Cordero v. Kroger Tex. L.P.*, 2012 WL 3930629, at *7 (E.D. Tex. Aug. 15, 2012), *adopted by*, 2012 WL 3930056 (E.D. Tex. Sept. 4, 2015), *vacated*, 615 F. App'x 192 (5th Cir. 2015)). Defendant cites *Serrano-Cordero* in support of his argument, where the court granted summary judgment on a plaintiff's negligence-based claims in a similar slip-and-fall situation. *See Serrano-Cordero*, 2012 WL 3930629, at *8. However, the plaintiff appealed his case and the Fifth Circuit vacated

and remanded to permit this Court to consider whether—in light of *Austin* and *Kroger Co. v. Milanes*, 474 S.W.3d 321 (Tex. App.—Houston [14th Dist.] 2015, no pet.)—there was a fact issue as to the plaintiff's negligence claims. *See Serrano-Cordero*, 615 F. App'x at 194. Further, the court was considering a motion for summary judgment in that case—this is a motion to dismiss. Thus, Defendant's reliance on this case to support his argument is misplaced. After reviewing Plaintiff's Complaint (Dkt. 1) and Plaintiff's Response (Dkt. 8), the Court finds Plaintiff has pled enough facts to support his claim for gross negligence at this early stage of the case.

## RECOMMENDATION

For the foregoing reasons, the Court recommends Defendant's motion (Dkt. 4) should be **DENIED.**

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 23rd day of January, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE